NORTHWEST BANCORPORATION, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71302. Promulgated August 14, 1935.

*Peter S. Rask, Esq.*, and *P. J. Coffey, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

OPINION.

Murdock: The petitioner claims a loss on its investment in the stock of Metropolitan. A loss from an investment in stock is the difference between the cost of the stock and the amount realized. Sec. 111, Revenue Act of 1928. It is sustained when the transaction is closed for tax purposes either by a sale, exchange, or disposition of the stock, by the stock becoming worthless, or by a liquidation of the corporation in which the stockholder receives less than the cost of his stock. Here the loss is claimed by reason of a liquidation. See section 115 (c). The parties have stipulated that had Metropolitan liquidated in 1930 the amount of the loss would have amounted to $654,467.75. The Commissioner did not intend to stipulate that the petitioner actually sustained any loss in 1930. He contends that there was no liquidation in 1930 and no loss in that year for tax purposes. He apparently intended to agree that the cost of the petitioner's stock exceeded, by the stipulated amount, the sum which the petitioner might have expected to receive had the corporation been liquidated in 1930 by the sale of its assets at their then value and the distribution of the proceeds to the stockholders. But Metropolitan was not liquidated in 1930. It had a great wealth of assets which were not to be disposed of in a hurry. The record does not show how or when the assets were actually disposed of or how much the petitioner eventually received. There is good reason to believe that the liquidation took place after 1930. Not only does the record fail to show that the petitioner sustained a loss in 1930; but it fails to show that a loss of any particular amount was ever sustained. The petitioner's theory seems to be that it can balance its prospective share of the net assets of Metropolitan against the cost of its stock and take a deduction of the difference. It cites no authority for that contention. No sufficient reason for such an anticipation of a loss has been shown. The petitioner in brief states that it also owned the stock of Northwestern. That fact was not proven and would not have aided the petitioner had it been proven. Cases were cited to show that a loss on stock need not always await dissolution of the corporation. That is, of course, true but here there was not only no dissolution but no liquidation and consequently no fixing of the amount of the loss. We can not say that the Commissioner erred in denying the deduction.

*Decision will be entered under Rule 50.*